Welch, J.
The plaintiff in error insists that there was error in the finding and judgment of the superior court, for two reasons: 1st. The plaintiff below was estopped by the judgment of the supreme court of Indiana; and 2d. The bill of exchange is not the bill of Holland, because of the unauthorized insertion of the words “ without relief from valuation or appraisement laws.”
It seems to us, that when the judgment of the Indiana circuit court was reversed in the supreme court of that state, and tire cause remanded, again to the circuit court for further pro *469 ¿eedings, the ease stood in the circuit court as it did before trial pr judgment. The judgment of the circuit court had become a nullity by the reversal. The judgment of the 'supreme court was the only thing left to estop the parties, and that simply estops them from denying that the judgment below was reversed, and that the cause .was remanded. And the final judgment below seems to éstop them from denying that the case ended in a non suit, and not in a judgment upon the merits.
We are therefore unable to see how this judgment of the supreme court can be held to estop a party to it from asserting that Holland executed the bill of exchange in question. The only verdict and judgment as to that fact were against Holland. But as that finding and judgment have been set aside, and the cause again reinstated, and dismissed, both parties are free, as they were before suit, to make any averments the cause or defense might seem to require, as to the merits of the original cause. Both are estopped from denying the reversal, the remanding of the cause, and the non suit, and they are estopped no further; and surely no one will deny, that the effect of a non suit is to leave the plaintiff at liberty to bring a new action.
The other defense interposed seems to me* to present a question of fact:. Was Tyner authorized, under all the circumstances, to insert the words “ without any relief from valuation or appraisement laws f ’ It is not the case of an altered bill. The bill was in its present form when finally delivered to Hatch & Langdon for discount. It is a question of authority to fill up the bill, with the objectionable words inserted.
No question is made as to the authority to fill the other blanks in the skeleton bill — the date, the amount, the time of payment, names, etc. The form of the paper, and the law merchant, alone, raise a legal presumption of' authority for the filling of these. The authority to add the words objected to, must depend on all the circumstances of the parties, as tending to show whether the intention did in fad exist, to give to the agent Tyner authority to that extent.
*470 I think the circumstances are sufficient. The agent, Tyner, who was intrusted with the blank bill, and therefore, with authority to fill up ordinary and usual blanks, had often been intrusted by Holland, with power to waive relief from valuation or appraisement laws, by negotiating them in the Indiana banks. ' He had often so negotiated them, with the approval of Holland, who himself drew most of his own notes with that clause inserted. The bill in question was to be discounted for the special purpose of discharging paper due to Hatch & Rangdon, on which Holland’s liability .had become fixed; and its proceeds were so applied, and the paper was taken up or canceled. Moreover, Tyner admittedly had authority to discount the paper in an Indiana bank, where the effect would have been the same, without the insertion of the objectionable clause. Holland lived in Indiaña, and knew the laws of Indiana, and he gave his name to this skeleton, with the name of the payee, and of the place of discount blank, and must have intended to give authority to negotiate it in such form, or in such place, as to deprive him of the relief from valuation or appraisement" laws. Whether this authority was exercised by negotiating the bill in an Indiana bank, or by negotiating it in Cincinnati, with the provision inserted, seems to me immaterial. My brethren, however, do not concur in this view of the case, not being satisfied that the insertion of the words was unauthorized under the circumstances. But a majority of us concur in affirming the judgment below, upon a different ground. And that is upon the ground that there is a complete bill without these words, and that they may be rejected, as forming no part of it, and affecting in no "way its validity. ■These added words relate exclusively to the remedy, and are no part of the bill proper. They have much the same relation ■to the bill as would be that of the usual warrant of attorney, added to bills and notes, to confess a judgment for their amount. The one is as readily and distinctly separable therefrom as the other. This view seems to be within the principle settled in Fullerton v. Sturges, 4 Ohio St. Rep. 529. It sim *471 ply draws a line, where that is practicable, between what is authorized and what is unauthorized.
If the bill is to be considered as drawn in Ohio, and not in Indiana — and such appears to be the law, as settled in Davis et al. v. Clemson, 6 McLean, 622 — then it would seem, that the words objected to may be rejected as mere surplusage, because in no sense altering the legal effect of the bill, even as to any remedy upon it; such would be the fact at least, should the remedy be sought in Ohio, where it is presumed that parties can not effectually bind themselves in contracts to waive relief from valuation and appraisement laws, applicable thereto. The power given, authorized the filling up of the bill in the usual way, and the addition of these unauthorized words does not render it invalid. Whatever their legal effect, if any, there is a completeJbill of exchange without them. The insertion of these words was the mere unauthorized act of the agent, and therefore void as to the principal, and if separable ■from the authorized bill, should not be allowed to viciate it, or destroy its effect.
The judgment of the superior court is affirmed.
Scott, and White, JJ., concurred.
Brinkerhoee, C.J., and Dat, J., dissented as to the second proposition of the syllabus.